Michael J. Jaurigue, SBN 208123
S. Sean Shahabi, SBN 204710
Ashley Silva-Guzman, SBN 340584
JAURIGUE LAW GROUP
300 West Glenoaks Blvd., Suite 300
Glendale, CA  91202
Tel: (818) 630-7280
Fax: (888) 879-1697
michael@jlglawyers.com
sean@jlglawyers.com
ashley@jlglawyers.com
service@jlglawyers.com

Attorneys for Plaintiff DANIEL BREEDING

JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
HAIDY M. RIVERA, SBN 322117
haidy.rivera@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendant WALMART INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BREEDING,<br><br>              Plaintiff,<br><br>     vs.<br><br>WALMART INC.; and Does 1 through 50, inclusive,<br><br>              Defendants. | Case No. 1:23-cv-00300-KJM-CSK<br><br>**JOINT STIPULATION AND  ORDER TO CONTINUE PRETRIAL AND TRIAL DATES**<br><br>Action Filed:           January 25, 2023<br>FA Complaint Filed:  November 16, 2023<br>Removal Filed:        February 28, 2023<br>Trial Date:              None Set |

Plaintiff DANIEL BREEDING ("Plaintiff") and Defendant WALMART INC. ("Defendant"), by and through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS, on July 18, 2023, the Court issued a Scheduling Conference Order ordering the Parties to complete non-expert discovery by February 16, 2024;

WHEREAS, Defendant served its first set of discovery on August 9, 2023;

WHEREAS, Plaintiff served its first set of discovery on August 18, 2023;

WHEREAS, Plaintiff filed the First Amended Complaint on November 16, 2023;

WHEREAS, on November 22, 2023, the Parties filed a Joint Stipulation to Continue Discovery Deadlines and Other Pretrial Dates in light of scheduled Mediation with Christopher Barnes ("Mediator Barnes");

WHEREAS, on November 30, 2023, the Court issued an Order Continuing Discovery and Expert Disclosure Deadlines;

WHEREAS, on November 30, 2023, the Court's Order provided Fact Discovery must be completed by August 16, 2024;

WHEREAS, Defendant filed its Answer to the First Amended Complaint on December 28, 2023;

WHEREAS, the Parties agreed to take Plaintiff's deposition over multiple days in light of Plaintiff's medical condition;

WHEREAS, Defendant took the first day of Plaintiff's deposition on February 26, 2024;

WHEREAS, Defendant took the second day of Plaintiff's deposition on February 27, 2024;

WHEREAS, the Parties were unable to settle this matter during the March 12, 2024 mediation with Mediator Barnes;

WHEREAS, throughout February through the present Defendant has sought Plaintiff to provide his medical records from Kaiser and served subpoenas in this regard.  Plaintiff wished to conduct a first look, and has sought the records from Kaiser directly, but has encountered substantial challenges and delays in obtaining his records from Kaiser.   To date, Plaintiff has not been provided the records despite Kaiser's representations.  Given the delays and challenges in

obtaining his records informally, Plaintiff will provide the authorization form to Defendant so that they may serve Kaiser with a subpoena and obtain the requested records.  Defendant cannot complete his deposition without these records and has requested an informal discovery conference on this issue but Plaintiff says that he is still working on obtaining them;

WHEREAS, Defendant sought availability for the depositions of five percipient witnesses in June of 2024, all of whom are relatives of Plaintiff.  Defendant unilaterally noticed the depositions of Arcelle Breeding for June 18, 2024, the depositions of Daryl Breeding and Cheeney Breeding for June 19, 2024, and the depositions of Don Breeding and William Breeding for June 20, 2024, but Plaintiff objected as not being available due to an arbitration that week.  As to two of the witnesses that Plaintiff's counsel will represent at their depositions (Don and William Breeding), three potential dates were offered in July for these witnesses as well as for the third-session of Plaintiff's deposition that did not work for Defendant.  Plaintiff is still seeking further dates and determining whether his counsel will represent the other three family member-witnesses.  Defendant has requested that the issue be taken to an informal discovery conference to be resolved if necessary, but Plaintiff's counsel is still determining what witnesses he will represent;

WHEREAS, Defendant has engaged in multiple efforts with Plaintiff's counsel to schedule the third day of Plaintiff's deposition over May, June, or July of 2024;

WHEREAS, Plaintiff's lead counsel on this matter had been in an extended arbitration in June and was unable to complete the meet and confer as of the last attempt by Defendant on July 1, 2024, and is currently scheduled to be in two jury trials in August which is the current deadline for the current fact discovery completion date;

WHEREAS, the Parties have been engaged in various meet and confer efforts to stipulate to an Independent Medical Examination ("IME") of Plaintiff, and Defendant's proposed stipulation is currently under review.  Due to the emotional distress damages cited by Plaintiff in the mediation, Defendant has requested that if Plaintiff will not stipulate that the issue of an IME be resolved through an informal discovery conference;

WHEREAS, Plaintiff's IME will not be able to conduct the IME until August, 2024;

WHEREAS, Plaintiff's IME will expedite completing Plaintiff's deposition;

WHEREAS, Plaintiff has stated that he will take the deposition of Walmart and is in the process of formulating topics, in addition to the depositions of other percipient witnesses employed by Walmart;

WHEREAS, the Parties have not completed depositions and other essential discovery for summary judgment and trial in an effort to fully resolve pending discovery disputes;

WHEREAS, the current deadlines to complete discovery will frustrate the Parties' meet and confer progress by requiring the completion of discovery, prior to finishing the deposition of Plaintiff, percipient witness deposition of five witnesses by Defendant, Defendant's Person Most Qualified, and other percipient witnesses employed by Walmart;

WHEREAS, the Parties believe it is in their best interests to conserve costs and judicial resources while the Parties seek resolution of their pending discovery issues;

WHEREAS, the Parties are making this request as soon as reasonably practicable once the Parties realized the necessity of the extension based on the circumstances identified above;

WHEREAS, the Parties agree that neither Party will suffer any prejudice if the Court extends discovery as requested;

WHEREAS, the Parties agree that the interests of justice are best served by an extension of discovery and all related remaining deadlines so that the Parties have sufficient time to complete essential discovery and prepare for trial;

WHEREAS, the Parties wish to continue the Non-Expert Discovery completion deadline by at least six (6) months in order to complete fact and expert discovery;

WHEREAS, the Court previously vacated the Pre-Trial Conference and Trial Dates, those dates have not been reset as of yet, and the proposed extension of the deadlines for completing fact and expert discovery, as well as the non-dispositive and dispositive motion deadlines, will not delay or prejudice the timely resolution of this case; and

**THEREFORE**, for the reasons set forth above, good cause exists for an extension of pretrial and trial dates set forth in the Court's Scheduling Conference Order.  Thus, subject to the Court's approval, the Parties stipulate and agree to the proposed revised deadlines below:

///

| Event | Current Date | Proposed Date |
|---|---|---|
| Fact Discovery | August 16, 2024 | February 14, 2025 |
| Expert Disclosure | September 6, 2024 | March 6, 2025 |
| Rebuttal Experts | September 27, 2024 | March 27, 2025 |
| Expert Discovery Cutoff | October 25, 2024 | April 25, 2025 |
| Dispositive Motions | November 1, 2024 | May 1, 2025 |

**IT IS SO STIPULATED.**

DATED: July 16, 2024                            JAURIGUE LAW GROUP

                                                By:  /s/ S. Sean Shahabi *(as authorized on 07.16.24)*
                                                     Michael J. Jaurigue
                                                     S. Sean Shahabi

                                                Attorneys for Plaintiff DANIEL BREEDING


DATED:  July 17, 2024                           OGLETREE, DEAKINS, NASH,
                                                SMOAK & STEWART, P.C.


                                                By:  /s/ Haidy M. Rivera
                                                     James T. Conley
                                                     Haidy M. Rivera

                                                Attorneys for Defendant WALMART INC.

### ATTESTATION

Concurrence in the filing of this document has been obtained from the individual whose electronic signature is attributed above.

DATED:  July 17, 2024                           OGLETREE, DEAKINS, NASH,
                                                SMOAK & STEWART, P.C.


                                                By:  /s/ Haidy M. Rivera
                                                     James T. Conley
                                                     Haidy M. Rivera

                                                Attorneys for Defendant WALMART INC.

## ORDER

The Court having read and considered the Parties' Joint Stipulation to Continue Pretrial and Trial Dates, and good cause appearing:

IT IS HEREBY ORDERED that the pretrial and trial dates shall be as follows:

| Event | Date |
| --- | --- |
| Fact Discovery | February 14, 2025 |
| Expert Disclosure | March 6, 2025 |
| Rebuttal Experts | March 27, 2025 |
| Expert Discovery Cutoff | April 25, 2025 |
| Dispositive Motions | May 1, 2025 |

**IT IS SO ORDERED.**

Dated: July 29, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE