Michael J. Jaurigue, SBN 208123
S. Sean Shahabi, SBN 204710
Ashley Silva-Guzman, SBN 340584
JAURIGUE LAW GROUP
300 West Glenoaks Blvd., Suite 300
Glendale, CA 91202
Tel: (818) 630-7280
Fax: (888) 879-1697
michael@jlglawyers.com
sean@jlglawyers.com
ashley@jlglawyers.com
service@jlglawyers.com

Attorneys for Plaintiff
DANIEL BREEDING

JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
DIANE N. HOLLAND, SBN 332992
diane.holland@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA 95814
Telephone:    916-840-3150
Facsimile:    916-840-3159

Attorneys for Defendants WALMART INC. and
WAL-MART ASSOCIATES, INC. (erroneously
sued as WALMART ASSOCIATES, INC.)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BREEDING,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WALMART INC.; WALMART ASSOCIATES, INC.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00300-DC -CSK<br><br>**STIPULATION AND [PROPOSED] ORDER FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF DANIEL BREEDING AND PROTECTIVE ORDER RE: DEFENDANTS' INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF DANIEL BREEDING**<br><br>Action Filed:　　　January 25, 2023<br>FA Complaint Filed:　November 16, 2023<br>Removal Filed:　　　February 28, 2023<br>Trial Date:　　　　Not Set |

WHEREAS, Defendants assert that Plaintiff has placed his mental condition at issue in this litigation and as a result is entitled to a Defense Mental Examination; and

WHEREAS, Plaintiff therefore has agreed to undergo a Defense Independent Mental Examination subject to the terms and conditions set forth in this Stipulation; and

WHEREAS, this Stipulation and Protective Order for the Defense Independent Mental Examination provides for the designation of certain material used in the Exam and resulting from the Exam to be deemed Highly Confidential, which will be subject to the concurrently filed STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF DANIEL BREEDING AND PROTECTIVE ORDER RE: DEFENDANTS' INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF DANIEL BREEDING.

## STIPULATION

NOW, THEREFORE, based on the above recitals, the Parties, through their undersigned counsel of record, stipulate as follows:

1. **Medical Examiner**: Dr. Judy Ho, Ph.D., a qualified Medical Examiner (referenced below as the "Medical Examiner" and "Dr. Ho"), will conduct the mental examination of Plaintiff.

2. **Mental Examination**: Plaintiff shall submit to a mental examination before the Medical Examiner pursuant to the terms of this stipulation.

3. **Attendees**: Only Plaintiff, the Medical Examiner, and the Medical Examiner's psychometrician, shall be present for the mental examination. Only the Medical Examiner will conduct the clinical interview. Plaintiff will be permitted to have a family member assist with the initiation and closure of the virtual telehealth examination and with any technical difficulties accessing or during the exam should they arise; but that person shall not be an attorney. Furthermore, Plaintiff will not be permitted to discuss the contents of the exam with the individual designated to assist with this process, other than communication necessary to assist in initiating and closing the virtual telehealth examination, and the resolution of any technical issues should they arise.

4. **Scope**: The purpose of the mental examination is to assess Plaintiff's claimed mental and emotional distress and to evaluate the nature, causes, and extent of such distress. The examiner may question Plaintiff about treatment sought for emotional distress and the cost of such treatment.

The examiner will not question Plaintiff about the amount of monetary damages sought in this action. The Medical Examiner is permitted to inquire generally into family psychiatric history. However, Plaintiff is not to be questioned regarding specifics of any treatment, names of treating physicians and details of the medical or mental conditions of family members as the rights of privacy of third parties are in issue. Plaintiff is not to be questioned concerning Plaintiff's communications with Plaintiff's counsel at Jaurigue Law Group, or any person affiliated with counsel or counsels' offices. Plaintiff is not to be questioned concerning Plaintiff's or Plaintiff's counsel's evaluations of any of Plaintiff's claims against Defendants, nor is Plaintiff to be questioned about any communications Plaintiff has had with Plaintiff's counsel or any affiliated person or staff regarding such evaluations, as that is an invasion of the attorney-client and work product privileges.

5. **Date and Location:** The evaluation will be conducted completely virtually (using HIPAA compliant zoom and secure platform for the administration of psychological questionnaires). Plaintiff agrees he will physically be in the state of California for the telehealth evaluation, as that is the requirements of Dr. Ho's California license to practice. The Plaintiff will require a laptop or tablet for the evaluation, a stable Wi-Fi connection, a desk and chair to work, and a quiet room without disruption.

6. **Time of Examination**: The parties will stipulate to the time for the beginning of the examination, and Plaintiff will appear on the agreed upon date, place, and at the examination time. If the exam has not commenced within 30 minutes of the agreed upon time, Plaintiff will be free to leave the Medical Examiner's office. Similarly, if Plaintiff does not arrive within 30 minutes, the Medical Examiner will reserve the right to cancel the evaluation day and reschedule at another time when Plaintiff can show up on time.

7. **Duration**: The mental examination will be conducted over two days and shall be limited to five (5) hours each day inclusive of breaks. Should Dr. Ho feel in her medical judgment that a third day of evaluation is necessary, the Parties agree to meet and confer regarding the need for additional testing time and stipulate to a third day of examination. Breaks for personal comfort, lunch or necessity will be permitted as needed. If any period of time exceeding 30 minutes goes by

when Plaintiff is not being examined or a test is not being administered, except during agreed upon breaks, then the examination is to be considered completed and Plaintiff will be free to leave.

8. **Examination**: The mental examination may include an interview of Plaintiff and only those tests identified below:

    a. **Interview**: The interview shall cover a variety of relevant topics, including background information; the reported circumstances of onset of the alleged emotional injury or injuries; and how those symptoms have unfolded over time to the present, including any other assessments, treatments, or functional impairment. Pertinent areas of inquiry with regard to Plaintiff's background shall include developmental history, education, employment, social and marital history, legal history (such as disability claims, if any), general medical history, prior psychiatric history, substance use, and family history. The defense Medical Examiner will elicit from Plaintiff an account of the onset and course of Plaintiff's emotional problems related to the alleged conduct of Defendants, culminating in a review of current psychiatric and physical complaints. The purpose of the interview is to differentiate between emotional complaints that may be pre-existing or unrelated to the alleged actions of Defendants; complaints that arose concurrently but unrelated to alleged actions of Defendants; complaints that arose as a result of Defendants' alleged conduct; complaints that are actually due to substance use or medications; complaints that are due to an underlying general medical disorder; or complaints that arose subsequent to the alleged actions of Defendants and are unrelated to Defendants' alleged conduct toward Plaintiff.

    b. **Testing**: Testing shall be limited to: MMPI-3 (MMPI-3), Million Clinical Multiaxial Inventory (MCMI-IV), Personality Assessment Inventory (PAI), Mini-Mental State Examination-2 (MMSE-2), PTSD Checklist with Life Events Checklist (PCL-5 with LEC-5), Structured Clinical Interview for DSM-5 (SCID-5), Structured Interview of Reported Symptoms, 2nd Edition (SIRS-2), Structured Inventory of Malingered Symptomatology (SIMS), Substance Abuse Subtle

Screening Inventory (SASSI-4), Beck Anxiety Inventory (BAI), Beck Depression Inventory (BDI-II), Beck Hopelessness Inventory (BHI).

9. **No Physical Examination**: The mental examination will involve no physical examination and involve no blood tests or other intrusive medical studies or procedures.

10. **Recording**: In addition to the defense Medical Examiner's notes, the Medical Examiner may memorialize the clinical interview portion of the mental examination with a voice-recording, either digitally or by audiotape. This recording shall be produced to Plaintiff. Plaintiff may also voice-record the clinical interview portion of the mental examination. This recording shall be produced to Defendants. Recordings produced subject to this Section shall be deemed Highly Confidential, subject to the Protective Order and the restrictions set forth in paragraphs 15 and 16 herein. Neither the defense Medical Examiner nor Plaintiff may videorecord any portion of the mental examination. The standardized assessment portions of the examination, including the administration of paper-and-pencil questionnaires, computerized questionnaires, and the administration of the semi-structured diagnostic interview (i.e., SCID 5) cannot be audio-recorded, videotaped, nor can photos be taken of the materials. These protocols constitute raw data and trade secrets and the defense Medical Examiner has ethical and legal obligations to maintain their confidentiality and administer these instruments with fidelity to standardized procedures.

11. **Exchange of Raw Data**: After the conclusion of any testing of Plaintiff by Dr. Ho, a copy of the actual test pages, raw data generated and all test results regarding Plaintiff shall be exchanged, either simultaneously or at a later time, with Plaintiff's respective experts in the specified field of expertise, whose information will be provided at a subsequent time. No other individuals will be able to receive said raw data and test materials due to the ethical and legal obligations described in sections below. However, if counsel must have copies of these materials themselves, all materials will only be produced after a signed protective order by the court is provided according to the terms set forth in paragraphs 16 and 17.

12. **Fees Associated with Examination**: Defendants will be responsible for all fees associated with this examination, including Dr. Ho's cancellation policy.

//

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF AND PROTECTIVE ORDER

13. **No Disclosure of Insurance Information:**  Plaintiff will not provide the defense Medical Examiner with his medical insurance information or other insurance information.

14. **Plaintiff Will Not Create Documentary Evidence**:  Plaintiff's right not to create items of demonstrative evidence for Defendants' use will not be violated.  Therefore, Plaintiff will not be compelled to create any items of potential documentary evidence and will not fill out any charts, new patient records, forms, or histories that may be requested or provided by the defense Medical Examiner.  Plaintiff will answer questions orally.  Plaintiff recognizes the examiner's need to obtain a relevant medical history and will answer any reasonable relevant medical history questions posed by the examiner.  Plaintiff will not provide or create a written medical history.

## PROTECTIVE ORDER

15. **Confidential Nature of Examination and Reports:**  The tests taken by Plaintiff as part of the mental examination, along with any notes and/or written reports and/or records maintained in any format, including electronic data, by the Medical Examiner are Highly Confidential medical records relating to Plaintiff's mental health. These records are Highly Confidential and their distribution should be subject to a protective order. Said records may be used by counsel in preparation for trial, in trial and in other proceedings in this matter, but for no other purpose. These records may not be used as exhibits to documents filed with the court except if filed under seal. At the conclusion of the litigation in this matter, whether by way of settlement or final judgment, counsel shall destroy all copies of Plaintiff's mental health records in their possession, custody and control and provide opposing counsel with a certificate of destruction within 30 days of the conclusion of the litigation or appeal therefrom.

16. **Production of Examiner's Testing and Raw Data:**

a. <u>Testing and Raw Data to Mental Health Expert</u>: The defense Medical Examiner will provide to Plaintiff's mental health expert, as retained and designated by Plaintiff in writing in this action ("Plaintiff retained mental health expert"), all testing and raw data related to or generated by the mental examination.  Similarly, Plaintiff's retained mental health expert shall also disclose to the defense Medical Examiner all testing and raw data related to or generated by any mental examination of Plaintiff conducted by Plaintiff's retained health expert.

   b. <u>Production of Testing and Raw Data to Counsel</u>: Generally, testing and raw data cannot be provided directly to or shared with counsel as they represent proprietary information or "trade secrets." Further, they can be misinterpreted by people who do not have the expertise or training to analyze them, and this may bring emotional or other substantial harm to the plaintiff. The Medical Examiner therefore has legal and ethical obligations to protect such materials from disclosure to individuals who are not trained clinical psychologists. If counsel wishes to have copies of testing and raw data, the materials can only be provided if they are subject to a protective order that designates these materials as Highly Confidential. Specific provisions include: 1) marking every page clearly with a Highly Confidential stamp; 2) the content of these records may not be used as exhibits to documents filed with the court except if filed under seal; 3) portions of testimony that discusses raw data and testing materials should be separated and designated as highly confidential; 4) at the conclusion of the litigation in this matter, whether by way of settlement or final judgment, counsel shall destroy all copies of all testing and raw data in their possession, custody and control and provide opposing counsel with a certificate of destruction within 30 days; 5) disclosure of testing and raw data materials should be limited to the smallest audience possible necessary to conduct the activities pertaining to this litigation; and 6) individuals who receive such information must sign Exhibit A. The criteria above will allow the Medical Examiner to satisfy the bare minimum legal and ethical requirements the Medical Examiner must abide by regarding the transmission of such materials.

   17. After the Court's approval of this Stipulation, Defendants are to immediately transmit a copy of this Stipulation and Order to the Medical Examiner, to promptly advise her that she must comply with the limitations imposed by this Stipulation and order.

   **THEREFORE**, the Parties, through this Stipulation, respectfully ask that this Court issue an Order according to the Parties' Stipulation above.

//
//
//
//

7

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF AND PROTECTIVE ORDER

1  DATED: February 13, 2025              JAURIGUE LAW GROUP
2
3                                        By: /s/ *S. Sean Shahabi*
                                             Michael J. Jaurigue
4                                            S. Sean Shahabi
                                             Ashley Silva-Guzman
5
                                         Attorneys for Plaintiff DANIEL BREEDING
6
7  DATED: February 13, 2025              OGLETREE, DEAKINS, NASH,
                                         SMOAK & STEWART, P.C.
8
9                                        By: /s/ *Diane N. Holland*
                                             James T. Conley
10                                           Diane N. Holland
11
                                         Attorneys for Defendants WALMART INC. and
12                                       WAL-MART ASSOCIATES, INC.
13

### SIGNATURE ATTESTATION

I attest that I have obtained concurrence in the filing of this document from the other signatories in compliance with Local Rule 131(e).

Date:                                    By: /s/ *Diane N. Holland*
                                             Diane N. Holland

**[PROPOSED] ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation to conduct the Independent Mental Examination and the Parties are ordered to comply with the terms of the Protective Order set forth above.

**IT IS SO ORDERED.**

Dated: February 19, 2025

_____
The Honorable Chi Soo Kim
U.S. Magistrate Judge

4, bree0300.23